**CAIN et al.  v.  UNITED STATES.**

No. 14800.

United States Court of Appeals,
Fifth Circuit.

March 19, 1954.

Writ of Certiorari Denied
June 7, 1954.

See 74 S.Ct. 868.

Norman B. Gillis, Jr., McComb, Miss., for appellants.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Spl. Asst. Atty. Gen., Frederic G. Rita, Spl. Asst. Atty. Gen., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Andrew F. Oehmann, Special Assts. to the Atty. Gen., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

What is for decision here is whether, as was claimed by the plaintiff below, the appellee here, and determined by the district judge in a thorough and careful opinion,[1] the exactions imposed upon Mary D. Cain, one of the defendants below, appellants here, on account of her income from self employment, are income taxes legally assessed under the Self Employment Contributions Act,[2] or whether, as claimed by appellants, they are illegal and uncollectible exactions imposed not in the exercise of the taxing power, as that power has been delegated to the United States, but in the exercise of an unconstitutional exertion of a power not delegated by, but reserved to, and in, the states.

Brought here upon a record consisting of an agreed statement of facts under Rule 76 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and of the opinion of the district judge, the case sharply presents a single question of law. Appellants argue it as though it were an entirely new one, while the district judge held, and appellee insists, that it was determined against appellants' contention, and further discussion of it was foreclosed in Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, and Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307, to which appellee adds the decision of this court in Abney v. Campbell, 5 Cir., 206 F.2d 836.

1. United States v. Cain, D.C., 113 F.Supp. 304.

2. Chapter I, Subchapter "E", "Tax on Self Employment Income", 26 U.S.C.A. §§ 480, 481, 482.

Appellants recognize the binding force upon them and upon us of the determinations made in the decisions cited. They insist, though, that this case differs from those cases in two particulars. One of these is that the exactions in question in them were exactions imposed on employers as imposts or excise taxes, under Art. I, § 8 of the Constitution, while those in question here are sought to be imposed upon employees as income taxes on self employment income. The other is that, while both those exactions and these are imposed as a part of the general scheme or plan for social security, those dealt with in the cited cases were imposed and collected as taxes and when collected became a part of the general revenue, while those imposed under the act in question here are not imposed and collected as, and do not become a part of, the general revenue, but are earmarked and appropriated in their entirety in advance to a special fund intended solely to make self supporting the compulsory insurance system it is set up to afford.[3] Thus, while the exactions in those cases might properly have been justified upon the ground that what Congress might have intended to, or did, do with taxes imposed and collected legally was a matter of no concern to the persons taxed if only the impositions were within its taxing powers, such reasoning cannot be properly resorted to here.

So insisting, they argue that the exactions dealt with in this case cannot be separated from the unauthorized uses which they are intended to serve and to which they are in fact put, and thus they may not be held to be general taxes, legally levied and collected, though they may later be diverted to unauthorized uses. They must be held to be exactions in aid of a purpose beyond the power of congress to achieve and therefore not lawful taxes but unlawful exactions. They declare that this precise difference in the law under which these moneys are exacted and sought to be collected from the defendant, Mrs. Cain, makes this case a different one from all the others and furnishes the courts, unembarrassed by the complicated sophistries and fallacies which have distorted the prior decisions, an opportunity to grapple directly with the question here presented, whether the avowed purpose of the exactions to provide compulsory insurance protection for its victims is within or beyond congressional power.

The United States, vigorously opposing this view, urges upon us that the taxes imposed under the statute as amended in 1950 stand no differently from those imposed and collected under prior statutes. Denying that the funds collected under the Self Employment amendment are so earmarked for the Federal Old Age and Survivors Insurance Trust Fund that the validity of the tax must stand or fall with the validity of the purpose to provide compulsory insurance protection, they insist further that if appellant's assumption is true, this would not invalidate the statute. Relying on the two Davis cases and the Abney case, supra, they strongly insist that this case is in no respect different from those and that there can be no more question of the constitutionality of Section 208(a) of the Social Security Act Amendment of 1950, which added to Chapter I of the Internal Revenue Code relating to Income Taxes, §§ 480 to 482, (The "Self Employment Contributions" Act), than there was of the statutes held valid in the earlier cases.

---

3. In support of this view, they point to the provisions of Section 201(a), As amended by Section 201, Social Security Act Amendments of 1939, Chapter 666, 53 Stat. 1360, and Section 109(a) Social Security Act Amendments of 1950, Chapter 809, 64 Stat. 477, for the creation on the books of the Treasury of a trust fund to be known as the Federal Old Age and Survivors Trust Fund, and that "the taxes imposed by subchapter 'E' of chapter 1 of Title 26 with respect to self-employment income * * * shall be certified by the Federal Security Administrator * * * and the amounts appropriated by clauses (3) and (4) of this subsection shall be transferred from time to time from the general fund in the Treasury to the Trust Fund * * *." 42 U.S.C.A. § 401(a).

While we are in agreement with appellee that the exactions in question here are taxes constitutionally and legally laid and collectible, we agree with appellants that the question presented here, though the answer to it is in essence and in substance the same, is in several aspects of it a different one from that presented in the three prior cases. (1) The persons complaining of the taxes in the earlier cases were not employees but employers. (2) The taxes in question in them were not income taxes laid upon employees in respect of their employment earnings but excise taxes laid upon employers in respect of the employment relation. (3) The precise question presented and determined in them was whether it was competent for congress to lay the imposts or excises in question there. (4) The illustrations of prior customs and practices in laying such imposts set out in the opinion of the Supreme Court in the Steward case, and referred to in our opinion in the Abney case, were not presented as illustrations of income taxes imposed. They were all adduced in support of the view that the taxes in question there were excise taxes and as such had been constitutionally and legally laid.

In those cases no employee was complaining, and, while the illustrations given in, and the decisions of those cases are, "in principle or the analysis of concepts", when this case is viewed in its substance, strongly persuasive if not controlling here, the actual question this case presents, whether an additional tax upon incomes derived from self employment may be validly imposed, was not presented or decided. The arguments and discussions in the Steward case were indeed devoted to making clear the sweep and scope of the power of congress to lay imposts and excises, the court there saying [301 U.S. 548, 57 S.Ct. 888]:

"An excise is not limited to vocations or activities that may be prohibited altogether. It is not limited to those that are the outcome of a franchise. It extends to vocations or activities pursued as of common right. What the individual does in the operation of a business is amenable to taxation just as much as what he owns, at all events if the classification is not tyrannical or arbitrary."

In the course of the discussion in that case, the court clearly pointed out, and we pointed out again in Abney's case, that in the exercise of its power under the Constitution to lay excise and levy income taxes, congress had the widest latitude of selection and classification, but we did not decide the question here presented. Here, instead of dealing with an excise tax imposed on defendant Cain as a self employer,—though it would seem clear that congress could have as well imposed the tax in question here as such an excise tax—we are dealing with a tax imposed as an additional tax on the income derived by the self employed defendant as an employee. What in short is in question here is not the power of congress to lay impost and excises. It is whether congress has the power to impose and collect from employees, self or otherwise employed, taxes on the income received from their employment in addition to other income taxes imposed upon them. We see no difficulty in the way of its so doing. Congress can constitutionally, in imposing income taxes, distinguish between earned and unearned income and between income from various kinds of property and occupations, and has often done so. The imposition and collection of an additional income tax on the income of persons not self employed has been going on without contest or question for many years. We think it clear that persons receiving income from self employment can be subjected to additional income taxes on the moneys so received in the same way and to the same extent that persons not self employed can be and are being so subjected.

Whatever in the long march of history may be discovered and said as to which were the wiser views, from the standpoint of policy and judgment, those of the majority or those of the minority in the Davis case, we certainly

can find no warrant in law for holding that, considered from the standpoint of its power, congress could not do what was in question there. Neither can we find any for the view that it cannot do what it has done and is doing here, legally impose and legally collect an additional income tax on income derived from self employment, just as it can do, and has long been doing, legally impose and as legally collect an additional income tax from persons otherwise employed.

The judgment was right. It is affirmed.