GEORGE A. J. JOEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Joel v. Commissioner
Docket Nos. 7015-73 and 2708-74.
United States Tax Court
T.C. Memo 1976-319; 1976 Tax Ct. Memo LEXIS 84; 35 T.C.M. (CCH) 1447; T.C.M. (RIA) 760319; October 13, 1976, Filed George A. J. Joel, pro se. Alan R. Herson, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes: Docket No.
Year
Deficiency
7015-73
1971
$570.06
2708-74
1972
659.85 The sole issue presented for our decision is whether petitioner is liable for the tax imposed on self-employment income under the provisions of sections 1401 and 1402. [1]
*85 FINDINGS OF FACT. Some of the facts have been stipulated and are so found. George A. J. Joel (hereafter referred to as petitioner) was a resident of Los Angeles County, Calif., at the time the petitions in this case were filed. Petitioner and his spouse [2] filed joint income tax returns for the years 1971 and 1972 with the Western Service Center located in Ogden, Utah. In the years 1971 and 1972 petitioner had net earnings from self-employment in the respective amounts of $7,600.79 and $8,798. Petitioner failed to include the tax on self-employment income on the returns filed for 1971 and 1972.
Petitioner is not a member of a religious organization and has never applied for an exemption from the self-employment tax, under section 1402(h), on the basis of his religious beliefs. OPINION Although petitioner couches his arguments in constitutional terms, it is clear that his primary objection to the self-employment tax is based upon his sincere conviction that the Social Security system is both outdated and financially unsound. In this regard petitioner represents that he is "petitioning the Court * * * to press the *86 button initiating changes in the Social Security system so that a meaningful system can survive." Unfortunately for petitioner, we are not in a position to assess the vitality of the Social Security system and we are powerless to initiate any changes therein. These are obviously the functions of the legislative branch of Government, and we must defer to its judgment in these regards. Petitioner has rather broadly asserted that the self-employment tax constitutes an infringement upon rights secured to him by the First, Fourth, Fifth, Ninth and Tenth Amendments to the United States Constitution, but he has completely failed to demonstrate the manner in which any of these rights would be affected by payment of the tax. The tax imposed by the Social Security Act upon both employees and the self-employed has been held constitutional, Helvering v. Davis,301 U.S. 619 (1937); Cain v. United States,211 F. 2d 375 (5th Cir. 1954); Julia C. Henson, 66 T.C. (August 5, 1976); William E. Palmer,52 T.C. 310 (1969), [3] and in light of petitioner's failure to assert reasons for ruling to the contrary here, we decline to do so. *87 Decisions will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. Petitioner's spouse is not a party herein.↩
3. Alan Lerner,T.C. Memo. 1975-60, affd. 527 F. 2d 645 (3d Cir. 1976); Ronald E. Randolph,T.C. Memo. 1969-289; see Leonard H. Church,T.C. Memo. 1970-146↩.