JOHN P. and ELIZABETH A. KROM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krom v. Commissioner
Docket No. 4758-77.
United States Tax Court
T.C. Memo 1978-230; 1978 Tax Ct. Memo LEXIS 285; 37 T.C.M. (CCH) 988; T.C.M. (RIA) 78230; June 21, 1978, Filed John P. Krom, pro se. Kevin M. Bagley, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This motion was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr. The Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: This case is before the Court on respondent's motion to dismiss the petitioners' amended petition, pursuant to Rule 120, Tax Court Rules of Practice and Procedure, *286 for failure to state a claim upon which relief can be granted. The petitioner-husband filed a Memorandum Brief in opposition to the respondent's motion, and a reply Memorandum Brief was filed on behalf of the respondent. Oral arguments by both parties were heard. Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $ 938.02, because of the failure of the petitioners to report a tax due in that amount upon self-employment income under section 1401 of the Internal Revenue Code of 1954, as amended (hereinafter referred to as the Code). The only contention advanced by the petitioners in opposition to the proposed assessment is that the Social Security system is unconstitutional and that there is no explicit constitutional authority to tax for Social Security purposes. Thus, the only question for decision is whether or not the tax imposed by section 1401 of the Code is authorized by the Constitution of the United States. At the time the petition herein was filed, the petitioners resided in Indianapolis, Indiana. The respondent's motion must be granted, since there is no genuine issue as to any material *287 fact and a decision in respondent's favor is called for as a matter of law. Rule 121, Tax Court Rules of Practice and Procedure; Anthony v. Commissioner,66 T.C. 367, 368 (1976). The law on the question in issue is so well settled that no extended discussion is necessary. The petitioners argue that the "general welfare clause" of Article I, section 8, of the Constitution, does not specifically enumerate the power to tax for Social Security purposes, and attempt to support this argument by the recitation of various bits of history surrounding the adoption of the Constitution of the United States, including the expressions of opinion by various persons engaged in the drafting and adoption of that document. The Supreme Court of the United States has addressed itself to this point in the case of Helvering v. Davis,301 U.S. 619 (1937), in which the Court held the tax imposed for Social Security purposes to be constitutional, finding that the tax on the employer is an excise tax and that the tax on the employee is an income tax. Justice Cardozo, speaking for the Court, stated as follows: Congress may spend money in aid of the "general welfare." Constitution, *288 Art. 1, section 8; United States v. Butler,297 U.S. 1, 65; Steward Machine Co. v. Davis,supra [301 U.S. 548]. There have been great statesmen in our history who have stood for other views. We will not resurrect the contest. It is now settled by decision. United States v. Butler, supra.The conception of the spending power advocated by Hamilton and storongly reinforced by Story has prevailed over that of Madison, which has not been lacking in adherents. * * * [Page 640.] The constitutionality of section 1401 of the Code, which imposes the self-employment tax, was upheld as an additional income tax, specifically imposed upon income derived from self-employment. See Cain v. United States,211 F.2d 375, 378 (5th Cir. 1954), cert. den. 347 U.S. 1013 (1954). Since the Sixteenth Amendment to the Constitution specifically authorizes the Congress to tax income from whatever source derived, it is a direct refutation of the petitioners' contention that there is no explicit constitutional authority for imposing the self-employment tax upon them. Section 1401, considered very recently in Abrahamson v. Commissioner,T.C. Memo. 1978-26, *289 was held to be constitutional by this Court. See also Palmer v. Commissioner,52 T.C. 310 (1969). Accordingly, respondent's motion will be granted. An order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion and there are no issues of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that rule.