LUCILLE SCHWARTZ, Petitioner [1] v. COMMISSIONER OF INTERNAL REVENUE, Respondent SCHWARTZ v. COMMISSIONER
Docket No. 5949-76
United States Tax Court
T.C. Memo 1978-470; 1978 Tax Ct. Memo LEXIS 43; 37 T.C.M. (CCH) 1849-10; November 27, 1978, Filed *43 Held, petitioner is liable for self-employment tax under sec. 1401. Lucille Schwartz, pro se. Theodore F. Brill, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on March 31, 1976, issued a statutory notice in which he determined a deficiency in petitioner's income tax for her taxable year 1974 in the amount of $1,042.80.The sole issue for our determination is whether petitioner is liable for self-employment tax under section 1401, I.R.C. 1954. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Lucille Schwartz, maintained her legal residence in Boca Raton, Florida at the time of filing the petition herein. She timely filed her Federal income tax return for the calendar year 1974. During the taxable year at issue petitioner was a self-employed manager. In that year she earned self-employment income, within the meaning of section *45 1402(b), [2] in the amount of $17,776.64. Petitioner paid no self-employment tax for her taxable year 1974. On or about March 30, 1976, she filed an application for exemption from tax on self-employment income and waiver of benefits (T.D. Form 4029) with the Social Security Administration. Petitioner based her request for exemption on her membership in the Temple Eternal Light, Congregation New Tamid. She is of the Jewish faith. Her application was subsequently denied. Petitioner's basis for contesting respondent's determination of a deficiency is her belief that "with the help of God [her] personal efforts to take care of [herself] will suffice" and her belief that "the Constitution gives [her] the freedom of choice to refuse Government dole." OPINION Petitioner has made three preliminary motions that must be considered prior to our determination of the issue at hand. The first motion to be considered is petitioner's motion for judicial notice of facts she deems incontrovertible. In *46 her motion petitioner confuses facts with law. The few facts she does allege have no bearing on the case before us. We, therefore, deny this motion. Petitioner's second motion is a motion for due process. The substance of this motion is that petitioner objects to the status of petitioner and requests a jury trial. We deny petitioner's motion. In so doing we note that petitioner had the choice of forum. She could have obtained a jury trial by paying the deficiency, then bringing a claim for refund in the United States District Court. Sections 7402(a) and (f); 28 U.S.C. sections 1340, 1346(a)(1) and 2402. Petitioner's third motion is a motion for summary judgment. Rule 121(b), Tax Court Rules of Practice and Procedure, stipulates that a decision will be rendered pursuant to such motion if the record shows that there is no genuine issue with respect to material facts so that the decision may be rendered as a matter of law. While we agree that there are no genuine issues of fact, our decision based on the law would be against petitioner. Therefore, we deny this motion. Petitioner objects to payment of the self-employment tax on religious grounds. *47 She filed for an exemption from paying such tax under what was then section 1402(h). [3] Her application was denied. Initially we note that petitioner has failed to comply with the filing requirements for her application for exemption as set forth in then section 1402(h)(2). This paragraph stipulates that filing is timely if the application is made within the due date of the income tax return for the first taxable year in which the taxpayer has self-employment income or within 3 calendar months of his notifying the internal revenue service that he has not filed such application. Petitioner filed her application on March 30, 1976, 1 day before respondent issued his notice of deficiency. Such filing obviously followed her timely filing of her 1974 income tax return. There is no evidence indicating that petitioner had notified the internal revenue service of her failure to file such application. However, because petitioner is before the Court pro se, we will proceed with a discussion of the substantive issue. *48 Petitioner has stipulated that she had self-employment income within the meaning of section 1402(b) for her taxable year 1974 in the amount of $17,776.64. However, she takes issue with the constitutionality of the self-employment tax provisions. She believes that her participation in the social security system should be a matter of choice. She also believes that section 1402(h) conflicts with the establishment clause and the guarantee of free exercise of religion embodied in the First Amendment to the Constitution. She finds section 1402(h) to be unconstitutionally narrow. While petitioner has liberally quoted from the Constitution and from several cases discussing constitutional issues, she has not directed our attention to any case either on point or analogous to the situation before the Court which supports her contentions. The law is well settled that the social security system is constitutional. Steward Machine Co. v. Davis,301 U.S. 548 (1937) and Helvering v. Davis,301 U.S. 619 (1937). Self-employed individuals can be subjected to the tax supporting the social security system just as those considered to be employees are subjected *49 to such tax. Cain v. United States,211 F.2d 375, 377 (5th Cir. 1954), cert. den. 347 U.S. 1013 (1954). With respect to petitioner's arguments that section 1402(h) is discriminatorily narrow and that it conflicts with the establishment and free exercise clauses of the First Amendment, we direct her attention to two cases directly on point: Palmer v. Commissioner,52 T.C. 310 (1969) and Henson v. Commissioner,66 T.C. 835 (1976). Therein we found that section 1402(h) does not encroach upon the free exercise of religion. Social security benefits are not forced on taxpayers, rather a taxpayer must file an application and meet certain prerequisites.42 U.S.C. section 402. We also found that the statute was not overly narrow because it had adequately balanced the First Amendment interests of free exercise and establishment of religion. Finally, we found that taxpayers may not have free choice with respect to their participation in the social security system. We do not question the sincerity of petitioner's beliefs. Unfortunately, she has not met the requirements of section 1402(h). We therefore *50 find that petitioner is liable for self-employment tax for her taxable year 1974 in the amount of $1,042.80. Decision will be entered for the Respondent.
Footnotes
1. Although there is no reference to an Arthur Schwartz in the petition, transcript or stipulation of facts, we note that petitioner filed a joint return for the taxable year 1974 and that respondent addressed his deficiency notice to both Arthur Schwartz and Lucille Schwartz. However, Lucille Schwartz must be deemed to be the petitioner herein.↩
2. SEC. 1402(b) Self-Employment Income.--The term "self-employment income" means the net earnings from self-employment derived by an individual * * * during any taxable year * * *.↩
3. SEC. 1402(h) Members of Certain Religious Faiths.-- (1) Exemption.--Any individual may file an application * * * for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary or his delegate may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable * * * at or before the time of the filing of such waiver. (2) Time for Filing Application.--For purposes of this subsection, an application must be filed-- * * *
(B) * * * on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year ending on or after December 31, 1967, for which he has self-employment income * * *, except that an application filed after such date but on or before the last day of the third calendar month following the calendar month in which the taxpayer is first notified in writing by the Secretary or his delegate that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely. * * * This section was redesignated section 1402(g) by T.R.A. 1976.↩