HOWARD L. CHAPMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chapman v. Commissioner
Docket No. 10442-77.
United States Tax Court
T.C. Memo 1979-202; 1979 Tax Ct. Memo LEXIS 328; 38 T.C.M. (CCH) 841; T.C.M. (RIA) 79202; May 21, 1979, Filed *328 Held, prior sec. 1402(h) (now sec. 1402(g)) is constitutional. Held further, petitioner is liable for self-employment tax under sec. 1401. Taylor W. O'Hearn, for the petitioner. Dean F. Chatlain, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on August 19, 1977, issued a statutory notice in which he determined a deficiency in petitioner's Federal income tax for his calendar year 1975 in the amount of $1,113.90. The sole issue for our determination is whether petitioner is liable for self-employment tax under section 1401, I.R.C. 1954. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Howard L. Chapman, resided in Shereveport, Louisiana at the time of filing the petition herein. He timely filed a joint Federal income tax return with the Internal Revenue Service Center in Austin, Texas for the year in issue. Attached to the return he submitted the following application for exemption from tax on self-employment income and waiver of benefits (Form 4029): * * *
I certify that I am *330 and continuously have been a member of     (Name of religious group)     (District and location) since     (Day)     (Month)     (Year) I am conscientiously opposed to accepting benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retiremen or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). I request that I be exempted from paying self-employment tax on my earnings from self-employment, under section 1402(h) of the Internal Revenue Code. I waive all rights to any social security payment or benefit under Titles II and XVIII of the Social Security Act. I understand and agree that no benefits or other payments of any kind under Titles II and XVIII of the Social Security Act will be paid based on my wages and self-employment income to any other person. I certify that I have never received benefits or payments under the above Titles, nor has anyone else received these benefits based on my earnings. Furthermore, I understand that if any tax exemption under section 1402(h) of the Internal Revenue Code *331 ceases to be effective, this waiver will also cease to be effective, but only to the extent that benefits can be payable only on the basis of my self-employment income for and after the first taxable year in which the exemption ceases to be effective, and my wages for and after the calendar year beginning in or with the beginning of such taxable year. The first year I became subject to self-employment tax was     (Year) (Show "NONE" if you were never subject to this tax). The name, title, and address of an authorized spokesman of my religious group are as follows:     (Authorized spokesman)     (Title)        (Address) * * *
During the taxable year 1975 petitioner engaged in medical practice in Shreveport as a podiatrist. For that year he reported a net profit therefrom in the amount of $25,292.61. Such amount is self-employment income as defined by section 1402. Petitioner had self-employment income exceeding $400 in each of his taxable years 1972 through 1974. On May 17, 1976 the Director of the Internal Revenue Service Center in Austin, Texas notified petitioner that his application for exemption from self-employment tax had been disapproved because *332 he did not meet the criteria for exemption. On June 17, 1976 petitioner, through his attorney, requested additional information with respect to the reasons for the disallowance. The July 2, 1976 reply to his request stated: Your application was disapproved because you did not indicate that you are a member of any religious group and you omitted the name, title and address of an authorized spokesman for your religious group. Under Section 1402(h) of the Code, you are not eligible to file the form unless you are a member of a recognized religious group. Petitioner subscribes to the principle of private insurance. He has purchased insurance policies covering injury, death, accident, disability, and dismemberment. He also participates in a Keogh plan. OPINION Section 1401(a) imposes a tax on the self-employment income of individual taxpayers. For the taxable year in issue it read as follows: (a) Old-age, survivors, and disability insurance.--In addition to other taxes, there shall be imposed for each taxable year, on the self-employment income of every individual, a tax equal to 7.0 percent of the amount of the self-employment income for such taxable year. Self-employment *333 income is defined, in relevant part, by section 1402(b) as "net earnings from self-employment derived by an individual * * * during any taxable year." The constitutionality of the social security system as a whole is a settled issue. Steward Machine Co. v. Davis,301 U.S. 548 (1937) and Helvering v. Davis,301 U.S. 619 (1937). It is also settled that self-employed individuals can be required to support the system through payment of an income tax. Cain v. United States,211 F.2d 375, 377 (5th Cir. 1954), cert. den. 347 U.S. 1013 (1954). Petitioner has stipulated that he had self-employment income for his taxable year 1975 in the amount of $25,292.61. However, he takes issue with respondent's disapproval of his application for exemption under then section 1402(h). [1] In so doing he questions the constitutionality of that provision with respect to the establishment and free exercise clauses embodied in the First Amendment to the Constitution, the due process clause of the Fourth and Fifth Amendments thereto and, finally, he throws in a Ninth Amendment argument for good measure. *334 We first note that petitioner's application for exemption from the self-employment tax does not meet the statutory criteria embodied in section 1402(h). He is not a member of a religious sect which is conscientiously opposed to the acceptance of insurance. He, in fact, believes in private insurance and holds various policies covering injury, accident, disability, dismemberment and death. He participates in a Keogh plan. Petitioner has made reference to a plethora of cases indicating that freedom of religion is protected by the Constitution. However, he has failed to prove that payment by him of self-employment tax is violative of his religious beliefs. His objection to the tax appears to be far more philosophical and personal than religious in character. See Wisconsin v. Yoder,406 U.S. 205, 216 (1972). He claims his "moral" opposition to the tax is based on his religious beliefs. However, his testimony indicates that his moral opposition is a derivative of his objection to providing funds for a social welfare program which may inure to the benefit of others rather than of his religious belief. Even if petitioner had what amounted to a religious conviction *335 with respect to his objection to the social security system, his argument is destined to fail.In his briefs he has selectively avoided, in fact studiously ignored, cases on point with respect to the issue at hand-- Palmer v. Commissioner,52 T.C. 310 (1969) and Henson v. Commissioner,66 T.C. 835 (1976). In Palmer we found that section 1402(h) did not amount to an establishment of religion or an infringement of the free exercise thereof. In Henson we further found that the classifications provided within section 1402(h) were not unconstitutionally narrow because they had a rational basis and did not arbitrarily deprive the taxpayer of due process of law. Petitioner's Ninth Amendment argument is wholly without merit. The social security system was established for a common welfare purpose. Section 1402(h) limits its exemption to those religions which make provisions for their dependent members. Palmer v. Commissioner,supra at 314. We find that petitioner is liable for self-employment tax in the amount of $1,113.90 for his taxable year 1975. In so doing we direct petitioner's attention to the fact that social security *336 benefits will not be forced upon him. An individual must file an application to receive benefits and meet certain prerequisites. 42 U.S.C. section 402. Decision will be entered for the Respondent. Footnotes
1. SEC. 1402(h) Members of Certain Religious Faiths.-- (1) Exemption.--Any individual may file an application * * * for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary or his delegate may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that--- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable * * * at or before the time of the filing of such waiver. (2) Time for Filing Application.--For purposes of this subsection, an application must be filed-- * * *
(B) * * * on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year ending on or after December 31, 1967, for which he has self-employment income * * *, except that an application filed after such date but on or before the last day of the third calendar month following the calendar month in which the taxpayer is first notified in writing by the Secretary or his delegate that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely. * * * This section was redesignated section 1402(g)↩ by T.R.A. 1976.