GLEN A. ROSS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Commissioner
Docket No. 3593-79.
United States Tax Court
T.C. Memo 1980-284; 1980 Tax Ct. Memo LEXIS 298; 40 T.C.M. (CCH) 815; T.C.M. (RIA) 80284; July 31, 1980, Filed Peter R. Stromer and Glenn B. Martineau, for the petitioner. Arthur A. Oshiro, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On September 10, 1979, respondent filed a motion for summary judgment in the above-entitled case to which he attached (1) a copy of the statutory notice of deficiency to petitioner dated December 20, 1978, determining a deficiency in petitioner's self-employment tax for the calendar year 1976 in the amount of $211; (2) a copy of *300 petitioner's Federal income tax return for the calendar year 1976 which contained schedule C reporting a profit of $2,665 from petitioner's business of landscaping and repair service located at Anaheim, California; (3) a copy of a document, Form 4029--Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits (hereinafter Form 4029), signed by petitioner and dated April 15, 1977; and (4) a copy of a Form 4029 filed by petitioner and dated April 13, 1979. [1]
Respondent is his motion alleged that on the basis of the petition as filed and the answer thereto and the documents attached to his motion, as a matter of law petitioner is not exempt from the payment of self-employment tax for 1976 which is the only claim made by petitioner in his petition. On January 17, 1980, petitioner filed a memorandum in opposition to motion for summary judgment in which he stated that, contrary to respondent's *301 allegation that there is "no dispute as to any material issue of fact," there are numerous material issues of both fact and law precluding summary adjudication. In support of this he assigns the following: Section 1402(g)(1)(E), I.R.C. 1954, [2] is unconstitutional under the First Amendment since it discriminates against religious sects not established prior to December 31, 1950. In his objections petitioner states that he is an ordained minister of a bona fide church and religious organization, the Universal Life Church. He states that the church was not established until 1962 as an incorporated entity in the State of California. He further states that the Universal Life Church is a recognized tax-exempt, bona fide church and religious organization, citing Universal Life Church, Inc. v. United States,372 F. Supp. 770 (E.D. Cal. 1974). Other than the statements concerning his being a minister of the Universal Life Church, petitioner does not dispute the facts otherwise established by the record. In our view, when *302 the fact of petitioner's membership in the Universal Life Church and the fact that he is an ordained minister of that church are added to the facts established by the factual allegations in the petition and by the documents filed by respondent, there exists in this case no material issue of fact. Therefore the case may be disposed of on the basis of respondent's motion for summary judgment. The facts as shown by the record in this case are the following: Petitioner resided in Anaheim, California, at the time of the filing of his petition in this case on March 20, 1979. In his petition he alleged that he is exempt from self-employment tax under section 1402(h) (now section 1402(g)) because of his membership in a religious group by reason of which he is conscientiously opposed to accepting benefits of any private or public insurance that makes payments in the event of death, disability, old-age, or retirement including benefits of any insurance system established by the Social Security Act. Petitioner filed with his Federal income tax return for the calendar year 1976 Form 4029 which contained, following the printed words "I certify that I am and continuously have been a member *303 of," "(I DO NOT WISH TO DISCLOSE AS PER THE 4th & 5th AMENDMENT OF U.S. CONSTITUTION.)" These words were typed in the space provided for giving the name of the religious group and district and location of that group. Under the space provided for the name, title, and address of an authorized spokesman of the religious group, petitioner showed the following in the blank space above "(Authorized spokesman) (Title) (Address)," "(I DO NOT WISH TO DISCLOSE AS PER THE 4th & 5th AMENDMENT OF U.S. CONSTITUTION.)" All of the other material on the Form 4029 filed by petitioner with his tax return was printed information except the word "NONE" in the space provided for "(Year)," the signature of petitioner, and the date "April 15, 1977," typed in the space provided for the date and signature. The income tax return filed by petitioner for the calendar year 1976 reported total adjusted gross income of $2,688 of which $2,665 was reported as being the profit from a landscaping and repair service business conducted by petitioner in Anaheim, California, under the name of Glen's Landscaping & Maintenance. On June 11, 1979, respondent received at the Fresno Service Center a Form 4029 filed by petitioner *304 dated April 13, 1979, showing his name and his address in Anaheim, California, and stating, following the printed words "I certify that I am not continuously have been a member of," the following: "I hereby exercise my inalienable and Constitutional rights of not being subjected to bureacratic discrimination of which religious group is sanctioned by the IRS for certain rights BUT OTHERS are not. Congress has no powers but those restrained by the U.S. CONSTITUTION which is the supreme law of this country," and in the space provided for the name, title, and address of an authorized spokesman of the religious group, "I reject this information for the reasons stated above." Respondent in his notice of deficiency mailed to petitioner on December 20, 1978, determined a deficiency in petitioner's tax for the calendar year 1976 in the amount of $211 based on the self-employment income of $2,665 shown on petitioner's 1976 income tax return. The explanation given by respondent for the adjustment was that net earnings of $400 or more from self-employment are subject to selfemployment tax. The hearing on respondent's motion in this case was initially set for October 31, 1979, in Washington, *305 D.C. At petitioner's request this hearing was continued to the trial session of this Court in Los Angeles, California, on January 14, 1980. When the case was called on January 14, again on January 16, and again on January 17, 1980, at Los Angeles, California, there was no appearance on behalf of petitioner although an entry of appearance had been entered in the case by an attorney on November 5, 1979. Because the attorney apparently had intended to request that the hearing on respondent's motion be changed to San Francisco, California, the hearing on respondent's motion was continued to the session of the Court at Los Angeles, California, on May 12, 1980. When the case was called from the calendar on May 12, 1980, each party was represented by counsel and the parties agreed to submit the issue raised by respondent's motion for summary judgment on written documents. For the purpose of this case we accept the fact that, as stated in petitioner's written memorandum of opposition to respondent's motion for summary judgment and an affidavit attached thereto, petitioner is an ordained minister and member in good standing of the Universal Life Church which was organized and incorporated *306 in the State of California in 1962. Section 1402(a), (b), (c), and (d) define the terms "net earnings from self-employment," "self-employment income," "trade or business," and "employee and wages." Clearly, under these definitions petitioner's earnings from his landscaping and repair service business were self-employment income. Section 1402(e) provides, under certain circumstances, for exemption of an ordained minister from self-employment tax for income he receives "with respect to services performed by him as such minister * * *." Clearly, petitioner's income from his landscaping and repair service business was not received by him with respect to services performed by him as an ordained minister and therefore petitioner is not exempt from tax under section 1402(e). Section 1402(g), formerly section 1402(h), [3] provides for exemption from tax of self-employment income for members of certain religious faiths upon filing of a proper application for such exemption if the Secretary of Health and Human Services (formerly the Secretary of Health, Education, and Welfare) finds that the sect of which the taxpayer is a member has tenets or teachings conscientiously opposed to acceptance *307 of benefits of any private or public insurance and it is the practice and has been for a substantial period of time for members of such sects to make provision for their dependent members and such sect or division thereof has been in existence at all times since December 31, 1950. *308 Clearly, the Form 4029 filed by petitioner did not contain the information required to show that petitioner was entitled to the claimed exemption, and respondent for this reason was justified in not recognizing the exemption claimed by petitioner in determining the deficiency. This alone might dispose of petitioner's contention here since we have held on a number of occasions that the provisions of section 1402(h), now section 1402(g), are constitutional and do not violate Articles I, IV, or V of the Constitution. Palmer v. Commissioner,52 T.C. 310 (1969), Henson v. Commissioner,66 T.C. 835, 838-839 (1976), and a number of memorandum opinions referred to therein in footnote 5. Since this statute is constitutional and requires in order for a taxpayer to be entitled to an exemption that he file an application containing or accompanied by evidence that he is a member of a sect which is opposed to private or public insurance and adheres to the tenets and teachings of such sect, petitioner has not complied with the statute by alleging that it is unconstitutional to require him to divulge the name of the sect of which he is a member. However, if *309 we were to conclude that petitioner was entitled to amend his application at the time of the filing of his memorandum in opposition to respondent's motion for a summary judgment to name the sect of which he was a member and to claim its compliance with the requirements of section 1402(g), we would nevertheless conclude that the statements made by petitioner in his memorandum in opposition to respondent's motion for a summary judgment do not contain statements which if proved would bring him within the provisions of section 1402(g). Petitioner states that the Universal Life Church of which he is an ordained minister was not in existence on December 31, 1950, but was established in 1962. Section 1402(g) specifically requires, in order for a member of a sect conscientiously opposed to private and public insurance to be entitled to an exemption from self-employment tax, that the sect be in existence prior to December 31, 1950. Petitioner claims that this provision is violative of the First Amendment to the Constitution. When this provision is read in conjunction with the provision of section 1402(g)(3) which provides an effective date of December 31, 1950, for an exemption to an individual *310 from tax on self-employment income because of membership in certain religious sects, it is clear that the exemption provided by the statute was to cover only such sects as had existed at the effective date of the amendment providing for the exemption. [4] As we pointed out in Palmer v. Commissioner,supra at 313: The income tax imposed by the Social Security Act upon both employees and the self-employed has been held to be constitutional. Helvering v. Davis,301 U.S. 619 (1937); Cain v. United States,211 F.2d 375 (C.A. 5, 1954). * * * Certainly in allowing an exemption for individuals who are members of certain religious groups, Congress is entitled to limit the exemptions by any general standards. As we stated in Henson v. Commissioner,supra at 838-839, *311 Congress has great latitude in formulating classifications within a taxing statute and the classifications provided in section 1402(h) (section 1402(g)) are not so arbitrary as to be violative of due process of law. The undisputed facts in this case show that petitioner was not a member of any religious sect in existence at all times since December 31, 1950, which he claims adheres to tenets by reason of which he is conscientiously opposed to acceptance of benefits of any private or public insurance. Therefore, accepting all facts which petitioner contends to be true in this case, as a matter of law petitioner is not entitled to exemption from self-employment tax under section 1402(g). Respondent's motion for summary judgment will be granted, and An appropriate order and decision will be entered.
Footnotes
1. The copy of the notice of deficiency was physically attached to respondent's answer filed in the case on April 26, 1979. However, in his motion respondent referred to the notice of deficiency and requested that it be considered as if attached to the motion.↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect in the years in issue.↩
3. Sec. 1402(g) provides in part as follows: (g) Members of Certain Religious Faiths.-- (1) Exemption.--Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, oldage, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security Act, would have become payable) at or before the time of the filing of such waiver. (2) Time for filing application.--For purposes of this subsection, an application must be filed on or before the time prescribed for filing the return (including any extension thereof) for the first taxable year for which the individual has self-employment income (determined without regard to this subsection or subsection (c)(6)), except that an application filed after such date but on or before the last day of the third calendar month following the calendar month in which the taxpayer is first notified in writing by the Secretary that a timely application for an exemption from the tax imposed by this chapter has not been filed by him shall be deemed to be filed timely. (3) Period for which exemption effective.--An exemption granted to any individual pursuant to this subsection shall apply with respect to all taxable years beginning after December 31, 1950, except that such exemption shall not apply for any taxable year-- (A) beginning (i) before the taxable year in which such individual first met the requirements of the first sentence of paragraph (1), or (ii) before the time as of which the Secretary of Health, Education, and Welfare finds that the sect or division thereof of which such individual is a member met the requirements of subparagraphs (C) and (D), or (B) ending (i) after the time such individual ceases to meet the requirements of the first sentence of paragraph (1), or (ii) after the time as of which the Secretary of Health, Education, and Welfare finds that the sect or division thereof of which he is a member ceases to meet the requirements of subparagraph (C) or (D).↩
4. See Melton v. Commissioner,T.C. Memo. 1979-488, in which we held section 1402(h)(1)(D) and (E) (now section 1402(g)(1)(D) and (E)) to be constitutional in a case where the facts showed that the taxpayer had created "The Church of Fiscal Responsibility" in 1977 for the purpose of obtaining an exemption from tax on self-employment income under section 1402(h)↩.