JAMES V. CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 8274-78.
United States Tax Court
T.C. Memo 1980-441; 1980 Tax Ct. Memo LEXIS 143; 41 T.C.M. (CCH) 109; T.C.M. (RIA) 80441; September 30, 1980, Filed James V. Clark, pro se. Thomas F. Niles, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: * Respondent determined a deficiency of $624.52 in petitioner's Federal income tax for 1976. The only issue for our determination is whether the self-employment tax provisions of sections 1401 and 1402 [1] are constitutional. This case was fully stipulated pursuant to Rule 122, Tax Court *144 Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time he filed his petition, petitioner and his wife, Margaret Clark, resided in Morrow, Georgia. Petitioner and his wife filed a joint Federal income tax return with the Director of the Atlanta Service Center, Chamblee, Georgia. Petitioner, self-employed during 1976, operated a janitorial service business. The net earnings from his self-employment in 1976 were $7,880. Neither petitioner nor his self-employment income is specifically exempted or excluded from the self-employment tax under section 1401 or 1402. Of the $624.52 deficiency assessed by respondent, all but $2.00 is from unpaid self-employment tax. Petitioner has stipulated to the correctness of respondent's adjustments to certain itemized deductions on petitioner's and and his wife's return for 1976. [2] Therefore, the only issue remaining is with regard to petitioner's self-employment tax. *145 Petitioner contends that he should be allowed to decide whether he participated in the Social Security system; he argues that it is not constitutional for him to have to participate in something from which other persons are exempted. In his reply to respondent's brief, petitioner maintains that he is a member of an organization which can guarantee his livelihood and, therefore, he should be exempt from paying self-employment taxes. He claims to be a member of Mutual of Omaha and United of Omaha which have programs guaranteeing him $900 per month income in case of his disability. Petitioner proceeds that since these companies are regulated by the United States Government, they will always be able to pay any claims to him if he so needs and thus he can guarantee the Court that he will never be a liability to the Government. Respondent, by contrast, asserts that the self-employment tax provisions of sections 1401 and 1402 are constitutional; consequently, petitioner is prohibited from electing not to participate under those provisions since neither he nor his self-employment income is specifically exempted or excluded from the tax. We agree with respondent.
For the reasons *146 elaborated in Cain v. United States, 211 F.2d 375, 377 (5th Cir. 1954), cert. denied, 347 U.S. 1013 (1954); Palmer v. Commissioner, 52 T.C. 310 (1969); and Henson v. Commissioner, 66 T.C. 835 (1976), [3] petitioner's constitutional argument lacks merit. Petitioner's second argument, made in his reply brief, is also patently unsound. As petitioner and his self-employment income are not specifically exempt or excluded from the tax, petitioner's obligation to pay self-employment tax is mandatory. Decision will be entered for the respondent. Footnotes
*. This case was reassigned from Judge Herbert L. Chabot by order of the Chief Judge. ↩
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.↩
2. Petitioner agrees that only $3,513.68 is deductible as an itemized interest deduction, that only $906.75 is deductible as an itemized deduction for taxes, and that zero amount of petitioner's wife's commuting costs is deductible.↩
3. See also Travis v. Commissioner, T.C. Memo. 1979-483; Abrahamson v. Commissioner, T.C. Memo. 1978-26↩.