**ABNEY et al. v. CAMPBELL.**

No. 14251.

United States Court of Appeals Fifth Circuit.

Aug. 18, 1953.

R. Dean Moorhead and Looney, Clark & Moorhead, Austin, Tex., for appellants.

Carlton Fox, Sp. Asst. to Atty. Gen. Dept. of Justice, Ellis N. Slack, Sp. Asst. to Atty. Gen. Dept of Justice, and Charles S. Lyon, Acting Asst. Atty. Gen. Dept of Justice, Washington, D. C., Wm. Cantrell, Jr., Asst. U. S. Atty., Dallas, Tex., Harry Marselli, Sp. Asst. to Atty. Gen., Washington, D. C., Frank B. Potter, U. S. Atty., Dallas Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought against the collector by appellants, the suit was for the recovery of sums alleged to have been erroneously and illegally seized from them under the purported authority of the 1950 Amendment to the Federal Insurance Contributions Act.[1]

The matter comes up in this way. Appellee having seized from taxpayers the sums claimed to be due from them under the act for the first,[2] second and third[3] quarters of the calendar year 1951, they brought this suit alleging that the said sums had been exacted of, and seized from, them in violation of Section 9 of Art. 1 and of the Fifth and Tenth Amendments to the Constitution of the United States. Their claim was that the amendment[4] is unconstitutional as to appellants for that, as employers of domestic servants, they cannot be subjected to an excise tax, nor can they be compelled to withhold and pay to the United States income taxes due by their domestic employees.

Appellee, answering, took issue with appellants' claim that the sums sued for were collected from them in violation of the constitution, and, therefore, without authority of law, and the parties agreeing in open court that there was no issue of fact between them but only one of law, the cause was submitted and argued upon the agreed facts.[5] Thereafter, the district judge, agreeing with the appellee that the sums had been rightfully collected by him, entered

1. 26 U.S.C.A. §§ 1400–1432.

2. For this quarter the employee paid directly the tax imposed upon her. The amount collected was therefore $2.51, the excise tax imposed upon the taxpayers as employers on account of cash wages paid in the amount of $156 to Emma Lee Adams, their employee, for domestic services in their private home.

3. For these quarters the employee did not pay the tax directly imposed upon her. The amount collected for these quarters was, therefore, $10.06. This sum included both the excise tax imposed on the taxpayers as employers and the income tax imposed upon the employee and required to be withheld by the employers.

4. 26 U.S.C.A. § 1426(a) (7).

5. As stated in appellants' brief, these are:
   During the first calendar quarter of the year 1951, Appellants paid cash remuneration to an employee for domestic service in their private home in an amount sufficient to render them liable for the sum of $4.68 under the provisions of the Federal Insurance Contributions Act, as amended, if said Act is constitutional as applied to Appellants. One-half of this amount was due as the excise tax levied upon Appellants, and the other one-half was the "additional in-come tax on employees" which the Act required Appellants to withhold from the wages of their employee.

   Appellants paid their employee the full amount of the wages due her for this calendar quarter, without withholding the amount of the "additional income tax on employees". However, the employee herself paid the additional income tax on her wages for this period. Hence, Appellants were liable only for the amount of the excise tax imposed upon them. The amount of this tax, plus interest or a penalty, was $2.51.

   Appellants reported to the Commissioner of Internal Revenue the amount of cash remuneration which they paid for domestic service in their private home during the first calendar quarter of 1951, but, because of their belief that the Federal Insurance Contributions Act, as amended, is unconstitutional as applied to them, Appellants did not pay to the Appellee Ellis Campbell, Jr., as Collector of Internal Revenue, the aforementioned amount of $2.51.

   During the second and third calendar quarters of 1951, Appellants paid cash remuneration to an employee for domestic service in their private home in an amount sufficient to render them liable for the sum of $10.06, if the Act is constitutional as applied to them. One-half

judgment in his favor, and taxpayers have appealed.

Here, in their attack upon the exactions from them, appellants put forward four specifications of error,[6] each in theory presenting a separate and different ground of attack. The gist, however, the sum and substance of their attack is, as stated above, that the 1950 amendment is unconstitutional and invalid as to them because domestic, as contrasted with business, employment may not be subjected to an excise tax, nor may domestic employers be burdened, as uncompensated tax collectors, as it is conceded business employers may be, by being required to withhold and account to the government for portions of wages, withheld for payment of their employees' income taxes.

In reply the United States points out that the original act in terms covered all employers, with an express exemption, however, of domestic service in private homes, and that this court, in Charles C. Steward Machine Co. v. Davis, 5 Cir., 89 F.2d 207,

and the Supreme Court, in Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, and Helvering v. Davis, 301 U.S. 619, 672, 57 S.Ct. 904, 81 L.Ed. 1307, in thorough and thoughtful opinions, sustained its validity against massive attacks upon it. Carefully canvassing and completely rejecting the contentions vigorously made and pressed there, that the employment relation could not be subjected to an excise tax, Mr. Justice Cardozo assembled and called attention to numerous examples and instances of the imposition of such taxes upon business and domestic employment alike. So pointing, appellee urges upon us: that appellants are but seeking to rethresh old straw; that, however appealing but for those decisions their arguments and contentions might have been, appellants, in putting them forward now, are running a completely covered track; that either expressly or by implication every question raised and every argument put forward by them has been already decided against them; and that we should treat the

---

of this amount was due as the excise tax, and the other one-half was the "additional income tax on employees" which the Act required Appellants to withhold from the wages of their employee.

Appellants also reported to the Commissioner of Internal Revenue the amount of cash remuneration which they paid for domestic service in their private home for these two quarter years, but they did not pay to Appellee the aforementioned sum of $10.06.

During these two quarter years, Appellants' domestic employee did not herself pay the additional income tax on her wages, as she had done during the first quarter. Hence, if the Federal Insurance Contributions Act, as amended, can validly be applied to Appellants, Appellants were liable for the full sum of $10.06 for the second and third calendar quarters of 1951.

On August 6, 1951, Appellee caused to be seized from Appellants' bank account the sum of $2.51, and on February 13, 1952, he caused to be seized from such bank account the sum of $10.06. No question is raised in this case concerning the regularity of the methods employed in these distraints.

Within the period provided by law, Appellants filed with Appellee claims for refund of the amounts so seized, alleging

as a basis for such claims that the Federal Insurance Contributions Act, as amended, is unconstitutional as applied to them; and that this suit for refund of the amounts seized from Appellants was instituted within the time required by law for the institution of such a suit after the disallowance of a claim for refund.

6. (1) That the law, as amended in 1950, is arbitrary and discriminatory with respect to wages which are taxed and wages which are not taxed, and thus violates the Fifth Amendment to the Constitution;

(2) that the tax imposed by the law upon employers is not a lawful excise tax, but a direct tax in contravention of Section 9 of Article I of the Constitution;

(3) that the taxes imposed by the law are not levied for the general welfare, but constitute a taking of property in contravention of the Fifth and Tenth Amendments to the Constitution; and

(4) that the withholding provisions of the law impose involuntary servitude upon employers in violation of the Thirteenth Amendment to the Constitution, and deprive them of their property and liberty in violation of the Fifth Amendment to the Constitution.

questions argued, as already. foreclosed against them.

Appellants on their part agree that the validity of the act as applied to business employment has been definitely and finally adjudicated, and that, because of the decisions appellee cites, the case presented here is in narrow compass. They yet urge upon us that the questions they present for decision are different from those already adjudicated and must be considered as open and not foreclosed.

They particularly insist that since the Davis cases dealt with a statute which, while covering employers generally, expressly exempted domestic service, they did not decide, they could not have decided, the question arising here. This question is whether the 1950 Amendment, which was drawn to cover and did cover domestic employers and employees who were expressly exempted from the coverage of the earlier act, is valid and enforceable as against such employers.

They emphasize the fact that, in the Steward case, the employment involved was a business one and, while the argument there, that the right of one man to employ and of another to be employed in a business relation is a natural, inherent, inalienable right and not a privilege, and therefore excises which are taxes imposed upon the enjoyment of privileges could not be imposed upon the relation, was general in its nature, the only employment involved was a business one. They, therefore, scout as mere *dicta* what the court, after setting out instances of excises imposed upon domestic employments, there said, "In 1777, before our Constitutional Convention, Parliament laid upon employers an annual 'duty' of 21 shillings for 'every male Servant' employed in stated forms of work." [301 U.S. 548, 57 S.Ct. 887].

Insisting that this statement cannot possibly be regarded as deciding that such excises may be constitutionally imposed, they urge upon us that the questions they pre-

sent here, involving as they do domestic employment which was expressly exempted from the statute there under construction, are new ones and should be considered and determined as such.

We agree with appellants that the precise questions they present have not been presented and decided in *haec verba,* and with appellee that they have, though, been in substance decided against appellants. We shall, therefore, with respect to each of appellants' contentions point out briefly our reasons for thinking that this is so.

█ Turning first to their basic contention, indeed the one on which all the others rest, that the relation of domestic employment does not come within Art. I, § 8,[7] and is therefore immune from the imposition of federal taxes and burdens, we find ourselves in nó doubt that appellants are neither historically nor etymologically correct in their claim in substance that excises are limited to taxes laid on the manufacture, sale or consumption of commodities within the country, upon licenses to pursue certain occupations and upon corporate privileges only. It is true that taxes of the kind referred to are excise taxes but it is also true, as was held in Steward Machine Co. v. Davis, that the excises which congress has power to impose are not limited to vocations or activities which may be prohibited altogether or to those which are the outcome of franchise, but extend to vocations or activities pursued as of common right. The term "excise" is and was before and at the time of the adoption of the Constitution a term of very wide meaning.

In the Britannica article on Excises, it is stated that "excise" is a word derived through the Dutch "excijs" or "accijs" from late Latin "*accensare*—to tax", meaning in British law any branch of the revenue placed by statute under the aegis of the commissioners of excise. In Steward Machine Co. v. Davis, supra, the court saying, "The subject-matter of taxation open to the power of the Congress is as compre-

---

7. "Section 8. The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States".

hensive as that open to the power of the states,"[8] took occasion to point to the wideness of the meaning of the significant words in Art. I, § 8, "The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises". It then went on to say:

"Together, these classes include every form of tax appropriate to sovereignty. Cf. Burnet v. Brooks, 288 U.S. 378, 403, 405, 53 S.Ct. 457, 464, 465, 77 L.Ed. 844; Brushaber v. Union Pacific R. Co., 240 U.S. 1, 12, 36 S.Ct. 236, 60 L.Ed. 493. Whether the tax is to be classified as an 'excise' is in truth not of critical importance. If not that, it is an 'impost'. (Pollock v. Farmers' Loan & Trust Co., 158 U.S. 601, 622, 625, 15 S.Ct. 912, 39 L.Ed. 1108; Pacific Insurance Co. v. Soule, 7 Wall. 433, 445, 19 L.Ed. 95), or a 'duty' (Veazie Bank v. Fenno, 8 Wall. 533, 546, 547, 19 L.Ed. 482; Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 570, 15 S.Ct. 673, 39 L.Ed. 759; Knowlton v. Moore, 178 U.S. 41, 46, 20 S.Ct. 747, 44 L.Ed. 969). A capitation or other 'direct' tax it certainly is not. 'Although there have been, from time to time, intimations that there might be some tax which was not a direct tax, nor included under the words 'duties, imposts, and excises,' such a tax, for more than 100 years of national existence, has as yet remained undiscovered, notwithstanding the stress of particular circumstances has invited thorough investigation into sources of revenue.' Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 557, 15 S.Ct. 673, 680, 39 L.Ed. 759."

When it is considered that what we are here dealing with is not congressional policy but congressional power, and that it is not only admitted that business employment is a relation subject to excise taxation, but also established that excise taxes on domestic employments have been commonly laid and collected, it is quite plain that appellants' position needs something more to support it than an argument based on considerations of policy. Indeed, when it is considered that in law and in fact there is no substantial difference between the relation of business employers to their employees and that of domestic employers to theirs, it is clear that it would take some compelling, some overruling, authority to justify this or any other court in holding that Congress had the power to subject appellants as business employers to the act but did not have the power to subject them to it as domestic employers.

With their first, their main, contention decided against them, appellants can find nothing solid to stand on with respect to their other positions. Their position, that the act violates the Fifth Amendment because it is arbitrary and discriminatory in the respect pointed out, that it does not apply to all domestic servants but only to those who receive more than $50 and work more than 24 days in the quarter, while different in detail from the contentions made in the Davis cases, was answered completely in them. There, basing its decision on settled law that in the exercise of the taxing power, congress has the widest powers of selection and classification, and that only in cases where the classification is so arbitrary as to have no reasonable basis whatever, can either the Fifth Amendment or the Fourteenth Amendment be invoked against a taxing law,[9] the court in Steward Machine Co. v. Davis, 301 U.S. at page 584, 57 S.Ct. at page 890, said:

"The classifications and exemptions directed by the statute now in contro-

---

8. Cf. Idaho Gold Dredging Co. v. Balderston, 58 Idaho 692, 78 P.2d 105, where it was held that excise includes every form of taxation which is not a burden laid directly upon persons or property; in other words that excise includes every form of charge imposed by public authority for the purpose of raising revenue, upon the performance of an act, the employment of a privilege, or the engaging in an occupation.

9. Cf. Sonzinsky v. U. S., 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772; Illinois Central R. R. Co. v. Minnesota, 309 U. S. 157, 60 S.Ct. 419, 84 L.Ed. 670; Oliver Iron Mining Co. v. Lord, 262 U.S. 172, 43 S.Ct. 526, 67 L.Ed. 929; Brushaber v. Union Pacific, 240 U.S. 1, 36 S. Ct. 236, 60 L.Ed. 493; and Magnano Co. v. Hamilton, 292 U.S. 40 at page 44, 54 S.Ct. 599, 78 L.Ed. 1109.

versy have support in considerations of policy and practical convenience that cannot be condemned as arbitrary. The classifications and exemptions would therefore be upheld if they had been adopted by a state and the provisions of the Fourteenth Amendment were invoked to annul them. * * * Carmichael v. Southern Coal & Coke Co., and (Carmichael v. Gulf States Paper Corp.) 301 U.S. [at page] 495, 57 S. Ct. 868, 81 L.Ed. [1245].

Appellants' contention, that the taxes are not levied for the general welfare, falls both because of our holding that the tax imposed is a proper excise tax and because of the decisions in the Davis cases, supra, where all the matters argued and discussed under appellants' third point were fully canvassed and flatly decided against their contention.

█ For the same reasons and upon the same considerations, it is equally clear that the claim of the specification, that the tax is a direct tax, also falls.

The specification, that the act violates the Thirteenth Amendment by imposing involuntary servitude upon an employer of domestic servants, seems to us far-fetched, indeed frivolous. There is no suggestion, in the law, of the imposition of a servitude, there is merely a requirement that as to the tax due by domestic employees on account of the wages paid them by their employer, the employer must withhold the amount fixed by law and account it to the United States. The enforcement of the act is not the imposition of a servitude. It is the collection of a tax and the enforcement of an obligation, which under settled federal law appellants may be and are lawfully subjected to. From our holding that the taxes and burdens imposed are valid, it must follow that the enforcement of the law imposing them is not, it cannot be, a violation of the Thirteenth Amendment.

Appellants recognize that the law in the United States has been declared as above stated in respect of business employees. They go on though to say, "However, as is stated elsewhere in this brief, the operation of a household has not yet become an activity which the government can tax. Neither have matters yet progressed so far that a license from the government is required for the operation of a household. Unlike the situation with respect to a gasoline retailer or a bank, a household does not occupy his or her status as a result of a government license or boon, or at the pleasure of the government."

Thus, all of appellants' positions return to, they base upon, their primary one, and thus all of them fall with it. In numerous cases, including the Davis cases, the Supreme Court has upheld withholding requirements, indeed withholding provisions have now become a familiar part of our system of taxation and can no longer be successfully challenged. Brushaber v. Union Pacific, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493; Allen v. Regents, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448; Wilmetts Park Dist. v. Campbell, 338 U.S. 411, 70 S.Ct. 195, 94 L.Ed. 205.

After all is said and done, what appellants really present here is a claim based upon the assumption that a tax on a domestic employer is not, it cannot be, an excise tax and is therefore invalid, and that the relation between such employer and his employee is not properly the subject of congressional action and therefore congress may not impose upon such an employer the duty of withholding and paying over.

If we could agree with appellants that the tax imposed upon them with respect to wages for domestic service was not validly imposed upon them, and that the relation of domestic employer and domestic employee was not regulable to the extent of imposing upon appellants the duty of withholding and paying income taxes imposed upon and due by their domestic employee on account of wages paid her by appellants, we should, of course, agree that the moneys sued for by appellants were wrongfully exacted from, and should be returned to them. Of quite the contrary opinion that, in short, both the taxes and the withholding obligations were properly imposed, we are bound to hold, as

842

we have done: that the sums sued for were rightfully exacted of and collected from plaintiffs; that the judgment was right; and that it must be affirmed.

Affirmed.