Kenneth R. Steck and Irene N. Steck v. Commissioner.
Steck v. Commissioner
Docket No. 84950.
United States Tax Court
T.C. Memo 1961-96; 1961 Tax Ct. Memo LEXIS 251; 20 T.C.M. (CCH) 431; T.C.M. (RIA) 61096; March 31, 1961
*251 Kenneth R. Steck, pro se, 25445 Narbonne Ave., Lomita, Calif. L. Justin Goldner, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax: Additions to the Tax
1939 Code
Years
Income Tax
Section 6651(a)
Section
Section
Involved
Deficiency
1954 Code
294(d)(1)(A)
294(d)(2)
1954
$372.66
$40.78
$26.45
1955
735.34
$183.84
1956
874.78
218.69
1957
931.20
232.80
The Commissioner concedes that the addition to tax under section 294(d)(2) of the 1939 Code is improper in view of Acker v. United States, 361 U.S. 87. The deficiencies in question are based on numerous adjustments including claimed automobile expenses, depreciation, dependency exemptions, arithmetical errors, tuition for children, etc. Most of the adjustments were made because the claims were unsubstantiated. Petitioner Kenneth R. Steck, a doctor, appeared pro se and presented his case. For the most part his presentation consisted of a reading of the petition which is almost wholly devoid of allegations *252 of fact and mainly embraces argument to the effect that the Federal income tax is unconstitutional, that the Sixteenth Amendment itself is invalid, and that the Internal Revenue Service did not give Steck's letters and protests the consideration to which they were entitled. A number of statements relating to the tax laws, which laws are labeled "Communistic", made by members of Congress, a former Commissioner of Internal Revenue, and other officials are included in Steck's testimony. These have all been repeated on brief. So far as the legal arguments made by petitioner are concerned, we are content to repeat what was said by the Court of Appeals for the Tenth Circuit in Porth v. Brodrick, 214 F. 2d 925: The allegations of the petition are very broad and it is difficult, if not impossible, to determine therefrom just what the complaint is except that there exists a strong dislike for the taxing procedure. Apparently the taxpayer, while recognizing the taxing power of the United States, attacks both the legality of the Sixteenth Amendment and the constitutionality of the Federal tax laws, rules and regulations enacted pursuant thereto. It is admitted that a federal *253 income tax may be levied under the Sixteenth Amendment and no law, rule, or regulation is referred to which impinges upon or destroys any right guaranteed the taxpayer by the Constitution. The claim is clearly unsubstantial and without merit. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S. Ct. 549, 77 L. Ed. 1062. In Abney v. Campbell, 5 Cir., 206 F. 2d 836, certiorari denied 346 U.S. 924, 74 S. Ct. 311, similar allegations were said to be far-fetched and frivolous. We think the description applies to the allegations in this case. On the factual side of the case petitioners introduced no evidence whatever. They complain that they were not permitted to do so by the Court. The record contains no substantiation for this claim. What Steck proffered to the Court by way of evidence was a proposed stipulation of facts which he had prepared, but which had not been shown to or agreed to by counsel for the Commissioner. No underlying documentary evidence or oral testimony was offered pertaining to the impropriety of the deficiencies determined by the Commissioner. Petitioners clearly have not carried their burden of showing error on the part *254 of the Commissioner, and we so hold. Decision will be entered under Rule 50.