**Jessica M. SMART, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Sept. 30, 1963.

Shephard Kole, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., S. D., New York, for defendant; Robert Arum, Asst. U. S. Atty., of counsel.

DAWSON, District Judge.

This is a motion by the defendant under Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. The underlying action is one to recover payments made under protest of the tax on self-employment income for the year 1960. There being no issues of fact this case may be decided upon the legal issues raised by the pleadings.

The plaintiff-taxpayer here, Jessica M. Smart, is a citizen of the United States. During the year 1960 she was employed by the United Nations and performed services within the United States. Pursuant to a 1960 amendment to the Internal Revenue Code of 1954 [1] a "Social

---

1. Sec. 106(b) of the Social Security Amendments Act of 1960, P.L. 86–778, 86th Cong., 2d Sess.:

"Section 1402(c) (2) of the Internal Revenue Code of 1954 (relating to definition of trade or business) is amended to read as follows:

'(2) the performance of service by an individual as an employee, other than—

'(A) service described in section 3121 (b) (14) (B) performed by an individual who has attained the age of 18,

'(B) service described in section 3121 (b) (16),

'(C) service described in section 3121 (b) (11), (12), or (15) performed in the United States (as defined in section 3121(e) (2)) by a citizen of the United States, and

'(D) service described in paragraph (4) of this subsection ;'."

Security" tax was imposed upon the wages received by the taxpayer.[2] It is this tax which the taxpayer has objected to.

Prior to the 1960 amendment to the 1954 Code, services rendered by a United States citizen within the United States to an international organization were not included under the "Social Security" coverage. Thus under Chapter 21 of the 1954 Code the "Social Security" taxes imposed on employees and employers were based on wages received from an "employment" and under section 3121(b) (15) of the 1954 Code[3] services performed in the employ of an international organization were specifically excluded from the definition of the term "employment." Similarly, before 1960, the tax imposed by section 1401 of Chapter 2 of the 1954 Code on self-employed income was not applicable to employees of an international organization. That is, section 1402 in defining what is meant by the term "net earnings from self-employment" states in part that it is "the gross income derived by an individual from any trade or business." Prior to the 1960 amendment, section 1402(c) defined the term "trade or business" as excluding most services by an employee. The 1960 amendment, however, changed the definition of "trade or business" to specifically include services by certain employees.[4] Among those specified as

coming within the meaning of the new definition were those in the employ of an international organization. Thus the effect of the 1960 amendment was to subject the taxpayer to the tax rate imposed by section 1401 on self-employment income.[5]

The taxpayer paid the 1960 tax and then filed for a refund. The claim for refund was rejected by the District Director of Internal Revenue on February 25, 1963, following which the taxpayer commenced the present action.

The claim asserted by the taxpayer in this suit alleges that the tax imposed under section 1401 is unconstitutional as repugnant to the uniformity requirements of article I, § 8, and as repugnant to the due process requirements of the fifth amendment. Furthermore, the taxpayer asserts that the classification of the taxpayer as self employed is an unwarranted exercise of the congressional power of classification. The question before this Court, therefore, is whether the amendment to section 1402, subjecting United States citizens employed by an international organization to a self-employment tax under section 1401, violates the Constitution.

The brunt of the taxpayer's argument is that the Congress has improperly and arbitrarily included her within the category of "self-employed" even though she has all the indicia of an "em-

---

2. The effect of this amendment on the taxpayer was to subject her to the tax under Sec. 1401 of the Internal Revenue Code of 1954 because of the inclusion of services described in Sec. 3121(b) (15), "service performed in the employ of an international organization."

3. The pertinent part of this section reads:
   "(b) Employment.—For purposes of this chapter, the term 'employment' means * * *; except that, in the case of service performed after 1954, such term shall not include—
   *     *     *     *     *
   "(15) service performed in the employ of an international organization."

4. The pertinent part of Section 1402 reads:
   "(c) Trade or business.—The term 'trade or business', when used with ref-

erence to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 162 (relating to trade or business expenses), except that such term shall not include—
   *     *     *     *     *
   "(2) the performance of service by an individual as an employee, other than—
   *     *     *     *     *
   "(C) service described in section 3121 (b) * * * (15) performed in the United States (as defined in section 3121 (e) (2)). * * *"

5. The tax rate imposed on self-employment income for the year 1960 was apparently 50% higher than that imposed on an employee under section 3101 of Chapter 21.

ployee." The taxpayer argues that this is in effect a conclusive presumption which denies her due process. While this situation may be considered as analogous to a presumption, the basic issue here is one of classification. Congress has established two categories which it has chosen to define. In this respect, along with an absence of an undue deprivation, there is a difference from the presumption cases cited by the plaintiff.

Plaintiff contends that there is a violation of article I, § 8 of the Constitution. Even if we pass over the question as to the nature of the tax, it would seem that the uniformity requirement expressed in article I, § 8 requires an application in a geographic rather than an intrinsic sense. Florida v. Mellon, 273 U.S. 12, 17, 47 S.Ct. 265, 71 L.Ed. 511 (1926); see also, Steward Machine Co. v. Davis, 301 U.S. 548, 583, 57 S.Ct. 883, 81 L.Ed. 1279 (1937), and cases cited therein. There being no showing here that this tax is applied on an unequal geographic basis, it follows that there is no violation of article I, § 8.

In the case of the fifth amendment, although there is no equal protection clause, an arbitrary and unreasonable classification would constitute a violation of due process. Steward Machine Co. v. Davis, 301 U.S. 548, 585, 57 S.Ct. 883, 81 L.Ed. 1279 (1937). It is therefore necessary to consider the reasonableness of the classification imposed here.

The Supreme Court has held repeatedly that inequalities resulting from a singling out of a particular class for taxation or exemption do not infringe any constitutional limitation. The Congress may make distinctions having a rational basis, and "when subjected to judicial scrutiny they must be presumed to rest on that basis if there is any conceivable state of facts which would support it." Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 509, 57 S.Ct. 868, 81 L.Ed. 1245 (1937).

It has been said that Congress has the widest powers of selection and classification and that its use of these powers will be considered unreasonable only where the classification is so arbitrary as to have no reasonable basis. Abney v. Campbell, 206 F.2d 836 (5th Cir., 1953).

The intent of Congress in passing section 106(b) of the Social Security Amendments Act of 1960 (P.L. 86–778, 86th Cong., 2d Sess.) was clearly to extend "Social Security" coverage to United States citizens working for international organizations. The House report on the bill states that since the United States Government is unable to levy the employer tax on international organizations that the most feasible way to effect the coverage is by treating the individuals concerned as self-employed. Social Security Amendments, 1960 (H.Rep. No. 1799, 86th Cong., 2d Sess., p. 22).[6]

The taxpayer argues that because of her status as an employee it is arbitrary and unreasonable to treat her as self-employed. It would appear, however, that contrary to this contention Congress has merely achieved a practical solution to the problem by treating all United States citizens employed by international organizations in a similar manner, and that this has been accomplished technically by creating an additional exception to the exclusion from the term "trade or business."

Basically, coverage under Social Security is provided employed persons un-

6. "This employment has heretofore not been covered because the United States cannot levy the employer tax of the program upon foreign governments or international organizations. Your committee believes that the most feasible way to provide coverage for United States citizens working for these employers would be to treat them as self-employed individuals. Although your committee believes it is generally undesirable to cov- er as self-employment the services of persons who are actually employees, such coverage offers a practical solution to the unique problem of covering American citizens employed by such governments and organizations. Under your committee's bill, compulsory coverage would be provided for these employees on the same basis as that provided for self-employed persons."

der the categories of "employees" or "self-employed." Where there is an employer to pay the tax Congress has seen fit to impose the tax equally upon the employer and employee, but where, as in the case of the self-employed, there is no employer who can be taxed, a tax is imposed entirely upon the self-employed. Since an international organization cannot be taxed, the employee of such organization is in the same category as the self-employed, there being no employer to levy on. Whether or not this is the best solution for the problem is not for the Court to decide. Nor need this Court speculate as to the policy reasons behind Congress's decision to include those of the taxpayer's category within the Social Security orbit. Suffice to say that the method used is not so arbitrary or unreasonable as to constitute a violation of due process.

The motion by the Government for judgment on the pleadings is granted. So ordered.