THOMAS G. AND DORIS E. EGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Egan v. Commissioner
Docket No. 4749-79.
United States Tax Court
T.C. Memo 1980-560; 1980 Tax Ct. Memo LEXIS 21; 41 T.C.M. (CCH) 574; T.C.M. (RIA) 80560; December 17, 1980
Thomas G. Egan and Doris E. Egan, pro se. Darwin Thomas and Richard Goldman, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*23 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on November 2, 1979, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioners on February 23, 1979, determined a deficiency in their Federal income tax for the taxable calendar year 1977 in the amount of $ 1,303.50. The issues for decision are (1) whether petitioners are liable for the tax on self-employment income under sections 1401 and 1402, Internal Revenue Code, [3] for the year 1977 and (2) whether the provisions of sections 1401 and 1402 violate petitioners' constitutional rights under Article 1, section 8, of the U.S. Constitution and the Fourteenth Amendment thereto. Petitioners resided at 6004 Linbrook Way, Bakersfield, California, on the date their petition was filed. They filed a joint 1977 Federal income tax *24 return with the Internal Revenue Service Center at Fresno, California. Throughout 1977 petitioner Thomas G. Egan was self employed as a produce broker doing business under the name of Select Marketing. In Schedule C (Profit or (Loss) from Business or Profession) attached to their 1977 return, petitioners reported gross receipts of $ 41,950 and a self-employment net profit of $ 35,860. No Schedule SE, "Computation of Social Security Self-Employment Tax," was attached to their return and no self-employment tax was paid. Petitioners do not claim to be Christian Science practitioners, nor do they claim to be members of any recognized religious group, the established teachings of which oppose the receipt of benefits from public or private insurance which makes payments in the event of death, disability, old age, or retirement, or makes payments toward the cost of, or provides services for, medical care. Petitioners' net earnings from self employment in 1977 exceeded $ 400 and are subject to the tax imposed by section 1401. Petitioners' constitutional arguments have been raised on innumerable occasions in the past and have been rejected by this and other courts. Section 1401 *25 imposes a tax on "the self-employment income of every individual", as defined in section 1402. Section 1402(b) defines self-employment income as "the net earnings from self-employment derived by an individual * * * during any taxable year; * * *." Section 1402(a) defines net earnings from self-employment as the "gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business, * * *." Petitioners do not maintain that they are not subject to self-employment tax on the basis that they received no self-employment income. Indeed, they cannot, as the record is clear that petitioners received that earnings from self-employment of $ 35,860. Moreover, they do not contend nor have they shown that they are exempt from the payment of such tax. Thus, by the clear terms of the statute, petitioners are liable for the self-employment tax as determined by respondent. The law is well settled that the social security system is constitutional. Steward Machine Co. v. Davis, 301 U.S. 548 (1937); Helvering v. Davis, 301 U.S. 619 (1937). *26 Self-employed individuals can be subjected to the tax supporting the social security system just as those considered to be employees are subjected to such tax. Cain v. United States, 211 F.2d 375, 377 (5th Cir. 1954), cert. denied 347 U.S. 1013 (1954).[4]
Petitioners' Article 1, section 8, argument is simply without merit. Article 1, Section 8, of the Constitution requires that "* * * duties, imports, and excises be uniform throughout the United *27 States." However, the Supreme Court has interpreted this to mean only that such tax must have equal application in all parts of the country--geographical uniformity. Brushaber v. Union Pac. R.R. Co., 240 U.S. 1, 24 (1916); Knowlton v. Moore, 178 U.S. 41 (1900). For example, Congress cannot exempt the state bond interest of New Yorkers while taxing that kind of income of California residents. Therefore, petitioners' argument that the uniformity clause of the Constitution is violated because one segment of the population, self-employed individuals, is taxed at a different rate than another segment, employees, is totally unfounded. Sections 1401 and 1402 meet the Constitutional requirement imposed by Article 1, section 8, of geographic uniformity. The apparent test for the constitutionality of economic legislation is whether some reasonable basis for disparate treatment of individuals exists. United States v. Maryland Savings-Share Insurance Corp., 400 U.S. 4 (1970), and cases cited therein; see Abrahamson v. Commissioner, T.C. Memo. 1978-26. The inclusion of self-employed individuals in the social security *28 system does not arbitrarily subject one segment of the population to different treatment. Instead, it attempts parity between those who are employees and those who are self employed with respect to social security benefits and liabilities. Admittedly, the self-employed are required to pay a higher percentage of their wages into the social security fund. The rationale behind this disparity is that employers also contribute a percentage of each employee's wages into the fund. Abrahamson v. Commissioner, supra.
Finally, in essence, petitioners argue that their Fifth Amendment, due process, rights have been violated.[5] That argument is, likewise, baseless. The taxpayer in Henson v. Commissioner, 66 T.C. 835 (1976), contended that the separate exemptions provided in section 1402(e) violated her Fifth Amendment constitutional rights under section 1402(h). Citing the Supreme Court in Carmichael v. Southern Coal Co., 301 U.S. 495, 509 (1973), this Court stated in Henson v. Commissioner, supra at 840: It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation *29 and to grant exemptions.* * * This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption, infringe no constitutional limitation. * * * In Henson v. Commissioner, supra, we concluded by saying: We find that the different requirements for exemption from tax provided for the different classifications under sections 1402(e) and (h) have a rational basis and do not arbitrarily deprive petitioner of her right to due process of law. See Abney v. Campbell, 206 F.2d 836 (5th Cir. 1953), cert. denied 346 U.S. 924 (1954). * * * The record is clear that there is no genuine issue as to any material fact. In such circumstances, Rule 121(b) permits this Court to render a decision *30 as a matter of law.Since respondent has demonstrated that he is entitled to prevail as a matter of law, his motion for summary judgment filed on November 2, 1979, will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on December 19, 1979. Petitioners did not appear. However, they did file a response to respondent's motion on December 3, 1979, and a supplemental response thereto on December 11, 1979.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All statutory references herein are to the Internal Revenue Code of 1954, as amended, and in effect during the year at issue.↩
4. Indeed, the Court in Cain v. United States, 211 F.2d 375, 377 (5th Cir. 1954), said: Congress can constitutionally, in imposing income taxes, distinguish between earned and unearned income and between income from various kinds of property and occupations, and has often done so. The imposition and collection of an additional income tax on the income of persons not self employed has been going on without contest or question for many years. We think it clear that persons receiving income from self employment can be subjected to additional income taxes on the moneys so received in the same way and to the same extent that persons not self employed can be and are being so subjected.↩
5. The Fourteenth Amendment's "equal protection" clause deals with state action and applies no restrictions to Congress, but certain similar restraints are embodied in the Fifth Amendment's "due process" clause. See Bolling v. Sharpe, 347 U.S. 497 (1954); Flint v. Stone Tracy Co., 220 U.S. 107 (1911); United States v. Foster, 309 F.2d 8↩ (4th Cir. 1962).