T.C. Memo. 2008-24

UNITED STATES TAX COURT

HAROLD D. AND JOAN E. EDWARDS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24277-05.              Filed February 7, 2008.

<u>Robert E. Kovacevich</u>, for petitioners.

<u>Lisa M. Oshiro</u> and <u>Danae M. Rawson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency of $7,729

in petitioners' Federal income tax for 2003.[1]  The issue for

decision is whether income Harold D. Edwards (Mr. Edwards)

--------

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.  Amounts are rounded to the nearest dollar.

received from an insurance agency deemed a sole proprietorship is subject to self-employment tax under sections 1401 and 1402.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with attached exhibits, is incorporated herein by this reference. At the time they filed their petition, petitioners resided in Washington.

Petitioners were married on April 15, 1972. They lived in Washington State at all times during their marriage and have no separate property agreements. Harold D. Edwards, L.L.C. (the Edwards agency), is an insurance agency owned by Mr. Edwards. Mr. Edwards established the business in 1963, and it has carried his name throughout its existence. The Edwards agency sells the insurance policies of the Farmers Insurance Group (Farmers Insurance).

At some time before 2003, Mr. Edwards retired from the day-to-day operation of the business. After Mr. Edwards's retirement, petitioners traveled extensively, and Mr. Edwards spent less than 2 hours per day in his office. Lois Payne (Ms. Payne), a member of the Edwards agency's staff and a full-time employee, assumed most of the managerial duties of the business. Nevertheless, Mr. Edwards maintained an insurance license, as

required by the State of Washington.[2]  He continued to sign all of the Edwards agency's payroll checks, examined the books and records of the business regularly, and paid bills for business items such as paper and stamps.  Mr. Edwards also retained the power to fire Ms. Payne, and he reviewed the "folios", which reported the Edwards agency's commission income from premium renewals.  At no time was petitioner Joan E. Edwards (Mrs. Edwards) involved in the business operation of the Edwards agency, nor did she hold an insurance license.

In 2003, the Edwards agency maintained three full-time employees and had gross receipts of $181,700.  Petitioners received $62,483 in net income from the Edwards agency.  Premium renewals from clients accounted for 85 percent of the net income of the Edwards agency,[3] and the additional 15 percent came from clients purchasing additional insurance on new cars, homes, or other property.  The Edwards agency did not solicit premium renewals.  Instead, the regional or national Farmers Insurance office sent Edwards agency clients renewal notices in the mail, and the clients made their payments directly to the Farmers

---

[2]  In order to own an insurance agency in Washington, a person must have an insurance license.  Wash. Rev. Code Ann. sec. 48.17.060 (West Supp. 2008).

[3]  During 2003, Farmers Insurance made 12 monthly deposits of such premium renewals into the NW Farmers Insurance Group Federal Credit Union account of petitioners, and those deposits totaled $154,179.

Insurance billing office. Farmers Insurance then credited the Edwards agency with the commissions from the premium renewals and reported these credits every month in a "folio".

On petitioners' 2003 Form 1040, U.S. Individual Income Tax Return, filed jointly in April 2004, gross income and expenses from the Edwards agency were listed on a Schedule C, Profit or Loss From Business. Mrs. Edwards was listed as the proprietor of the Edwards agency. Mr. Edwards also asserted that he materially participated in the operation of the Edwards agency by checking the "Yes" box in line G of Schedule C, and he listed his occupation on page 2 of the return as "self-employed."

Respondent issued a notice of deficiency on September 19, 2005, determining that the amounts petitioners received from the Edwards agency in 2003 constituted income from Mr. Edwards's self-employment within the meaning of section 1401 and, therefore, were subject to self-employment tax.

OPINION

Section 1401 imposes a tax on the self-employment income of individuals. Respondent determined that the net profit Mr. Edwards received from the operation of the Edwards agency constituted self-employment income from both past and present business operations, and, consequently, petitioners were liable for self-employment tax. We need not decide whether the burden of proof shifts to respondent under section 7491(a) because we

decide this case on the basis of the preponderance of evidence on the record.

Self-employment income means the net earnings from self-employment derived by an individual. Sec. 1402(b). Net earnings from self-employment are the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed which are attributable to such trade or business. Sec. 1402(a). The term "derive" requires "a nexus between the income received and a trade or business that is, or was, actually carried on." Newberry v. Commissioner, 76 T.C. 441, 444 (1981). The trade or business must be carried on by the individual, either personally or through agents or employees. Sec. 1.1402(a)-2(b), Income Tax Regs. The self-employment tax provisions are broadly construed in favor of treating income as earnings from self-employment. Braddock v. Commissioner, 95 T.C. 639, 644 (1990); Hornaday v. Commissioner, 81 T.C. 830, 834 (1983); S. Rept. 1669, 81st Cong., 2d Sess. (1950), 1950-2 C.B. 302, 354.

Petitioners contend that they do not owe self-employment tax because Mr. Edwards had retired from the Edwards agency and thus did not have a sufficient nexus with the agency's income to actually be carrying on a trade or business.

Respondent first contends that because the gross income from the Edwards agency's renewal commissions was greater than

petitioners' net income from all of the agency's revenues, the entire amount of petitioners' 2003 Schedule C net income is derived from premium renewals.[4]  Respondent references <u>Lencke v. Commissioner</u>, T.C. Memo. 1997-284, for the well-settled rule that self-employment income includes commission payments to a former insurance agent of previously earned commissions and asks us to find that the principles of <u>Lencke</u> apply to this case.

It is well established that renewal commissions received by a retired insurance agent are subject to self-employment tax as a form of deferred compensation.  <u>Erickson v. Commissioner</u>, 1 F.3d 1231 (1st Cir. 1993), affg. without published opinion T.C. Memo. 1992-585; <u>Jackson v. Commissioner</u>, 108 T.C. 130, 133-135 (1997); sec. 1.1402(a)-1(c), Income Tax Regs.  However, income must arise from some actual (whether present, past, or future) income-producing activity of the taxpayer before it becomes subject to self-employment tax.  <u>Newberry v. Commissioner</u>, <u>supra</u> at 446.  Earnings from past income-producing activities must be tied to the quantity or quality of the taxpayer's prior labor.  <u>Schelble v. Commissioner</u>, 130 F.3d 1388 (10th Cir. 1997), affg. T.C. Memo. 1996-269.

Although Mr. Edwards and Ms. Payne testified that Mr. Edwards did not sell insurance in 2003 and had been retired from

---

[4]  Petitioners' net income from the Edwards agency in 2003 was $62,483, whereas the agency's gross receipts from renewals were $154,179.

the day-to-day operations of the agency for several years, the record does not indicate that the renewal commissions were earned by other Edwards agency employees.  Mr. Edwards worked as a principal agent for his insurance agency for decades, and the Court has received no evidence that traces the Edwards agency's 2003 renewal commissions to the work of other insurance agents. Accordingly, we find that the Edwards agency's renewal commissions constitute self-employment income to Mr. Edwards.

Respondent also alleges that the current business activities of the Edwards agency constitute the carrying on of a trade or business by Mr. Edwards.  We agree with respondent.

A limited liability company with a single owner is disregarded as an entity separate from its owner for Federal income tax purposes unless the entity elects to be classified as an association.  Sec. 301.7701-3(a) and (b), Proced. & Admin. Regs.  If a business entity with only one owner is disregarded, its activities are treated in the same manner as a sole proprietorship, branch, or division of the owner.  Sec. 301.7701-2(a), Proced. & Admin. Regs.

Petitioners treated the Edwards agency as a disregarded entity that was not separate from its owner, and they clearly reported its income and expenses on their Schedule C.  Despite listing herself as the proprietor of the Edwards agency on petitioners' return, Mrs. Edwards did not possess an insurance

license and could not own the agency under Washington law. However, Mr. Edwards held an insurance license, and we find him to be the true owner of the Edwards agency. As the single owner of a disregarded entity deemed a sole proprietorship, Mr. Edwards is taxed on the Edwards agency's income. Sec. 301.7701-2(a), Proced. & Admin. Regs.

It is immaterial that the day-to-day business operations of the Edwards agency were carried on by Ms. Payne and other employees. For purposes of income being included in an individual's net earnings from self-employment, a trade or business can be "carried on" by an individual either personally or through agents or employees. Newberry v. Commissioner, supra at 444; S. Rept. 1669, supra, 1950-2 C.B. at 306, 353-354; sec. 1.1402(a)-2(b), Income Tax Regs. Petitioners do not contest that Ms. Payne and other Edwards agency workers were employees of Mr. Edwards's deemed sole proprietorship. Accordingly, this Court finds that Edwards agency income constitutes gross income derived from a trade or business carried on by Mr. Edwards under section 1402.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be

entered for respondent.